# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SUMMIT CARBON SOLUTIONS, LLC, | |
| Plaintiff, | No. C24-2060-LTS-MAR |
| vs. | |
| BREMER COUNTY, IOWA, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## I. INTRODUCTION

This matter is before me on a motion (Doc. 11) to stay in part and dismiss in part filed by defendants Bremer County, Iowa, Bremer County Board of Supervisors, Corey Cerwinske, Duane Hildebrandt and Ken Kammeyer (collectively, the Defendants). Plaintiff Summit Carbon Solutions, LLC (Summit Carbon), has filed a resistance (Doc. 12) and the Defendants have filed a reply (Doc. 13) and an amended reply (Doc. 14). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

Summit Carbon is developing an interstate carbon dioxide pipeline to transport and sequester carbon across Iowa, South Dakota, North Dakota, Minnesota and Nebraska. Doc. 1 at 3. In Iowa, the proposed pipeline will travel across 39 counties, including Bremer County. *Id.* Summit Carbon obtained a permit from the Iowa Utilities Commission (IUC) and is in the process of obtaining the necessary Iowa permit and negotiating with landowners for land access. *Id.* at 3-4.

Some counties, including Bremer County, have passed ordinances to regulate pipeline projects based on safety, zoning and permitting concerns. *Id.* at 8. On February 27, 2023, the Bremer County Board of Supervisors passed Ordinance No. 2023-02,

which amends Ordinance 22-07 by adding a new section and article imposing "appropriate conditions and safeguards when using land in this County for purposes of a Hazardous Liquid Pipeline." Doc. 1-1 at 6. The ordinance sets forth six express purposes, including to lawfully regulate and restrict the use of land for hazardous liquid pipelines consistent with the County's current comprehensive plan and that is intended to "(1) secure safety from fire, flood, panic, and other dangers; (2) protect health and general welfare; and (3) facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements." *Id*. The ordinance requires a pipeline company that submits a permit petition to the IUC to apply for a Conditional Use Permit from the County Zoning Administrator within seven days of its IUC filing. *Id*. at 10. Additionally, a property owner that intends to negotiate or sell an easement through an Independent Agreement must apply for a Conditional Use Permit from the County Zoning Administrator before executing the agreement. *Id*. Finally, the ordinance imposes a variety of separation distances for the placement of a hazardous liquid pipeline. *Id*. at 11. Moreover, on September 3, 2024, the Bremer County Board of Supervisors passed Ordinance No. 2024-10, which establishes permitting requirements for the surveying of certain parcels of land in Bremer County. Doc. 1-2. It requires that any person who engages in the surveying of covered parcels in the county to obtain a permit 30 days prior to commencing a survey. *Id*. at 2.

In Count I of its complaint, Summit Carbon alleges that Ordinance No. 23-02 is preempted by the federal Pipeline Safety Act (PSA) pursuant to the Supremacy Clause under Article VI of the United States Constitution. In Count II, Summit Carbon argues that Ordinances Nos. 23-02 and 24-10 are preempted under Iowa Code § 479B. On January 31, 2025, the Defendants filed their motion (Doc. 11) to stay Count I and to dismiss Count II.

### III. ANALYSIS

**A.   *Ordinance No. 23-02 (Count I)***

The Defendants argue that this court should stay Summit Carbon's challenge to Ordinance No. 23-02. They assert that Summit Carbon has made identical claims against several counties in Iowa that have adopted zoning ordinances similar to Ordinance No. 23-02 and the lead case, *Summit Carbon Sols., LLC v. Shelby Cnty., Iowa*, 704 F. Supp. 3d 941 (S.D. Iowa 2023), has been appealed to the Eighth Circuit Court of Appeals.[1] Doc. 11-1 at 3. The Defendants contend that it would be prudent for this court to stay Summit Carbon's challenge to Ordinance No. 23-02 pending the Eighth Circuit's decision in *Shelby County*. Doc. 11-1 at 3-4. The Defendants state that this court has stayed at least three lawsuits filed by Summit Carbon for this reason. *Id.* at 3 (citing *Couser v. Emmet Cnty., Iowa,* No. 23-cv-3007-LTS-MAR; *Summit Carbon Sols., LLC v. Kossuth Cnty., Iowa,* No. 24-cv-3002-LTS-MAR; *and Summit Carbon Sols., LLC v. Palo Alto Cnty., Iowa,* No. 24-cv-3006-LTS-MAR). Summit Carbon does not resist the Defendants' motion to stay so long as Bremer County does not enforce the two contested ordinances during the pendency of the stay. Doc. 12 at 2. Bremer County states that it has already agreed to not enforce Ordinance No. 23-02 pending the Eighth Circuit's decision in *Shelby County*. Doc. 14 at 1.

Courts have broad discretion to stay proceedings to control their dockets and make optimal use of judicial resources. *Pocket Plus, LLC v. Runner's High, LLC*, No. 21-cv-04-CJW, 2021 WL 4097311, at *1 (N.D. Iowa Sept. 8, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) *and Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)); *see also Contracting Nw., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) (noting that the district court has discretion to stay a proceeding to "control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."). The following factors are relevant to the determination of whether a stay is appropriate: "1) whether a stay would unduly

---

[1] *See* Eighth Circuit Court of Appeals Case No. 23-3758. According to the court of appeals docket, the appeal was argued and submitted on November 20, 2024.

3

Case 6:24-cv-02060-LTS-MAR    Document 16    Filed 03/20/25    Page 3 of 11

prejudice or present a clear tactical disadvantage to the non-moving party; 2) whether a stay will simplify the issues in question and trial of the case; and 3) whether discovery is complete and whether a trial date has been set." *Pocket Plus, LLC*, No. 21-cv-04-CJW, 2021 WL 4097311, at *2 (citing *CRST Expedited, Inc. v. Swift Transp. Co.*, No. 17-cv-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018)); *see also Blackmore v. Smitty's Supply, Inc.*, 451 F. Supp. 3d 1003, 1004 (N.D. Iowa 2020). In addition, this court has stated:

> In the event of a pending decision that will be controlling in the instant case, federal courts have considered issuing a stay pending another court's decision. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). In deciding the merits of a motion to stay proceedings, the Court weighs the following factors: (1) whether a stay will be the most efficient use of judicial resources by preventing duplication of effort; (2) whether the pending decision could simplify and narrow the issues in the case; and (3) whether the Court will be able to benefit from the pending decision. *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, at 3 (S.D. Iowa Aug. 24, 2004).

*Flockhart v. Synchrony Bank*, No. 17-cv-4019-MWB, 2017 WL 3276266, at *1 (N.D. Iowa Aug. 1, 2017).

In considering these factors, I first find that a stay would not unduly prejudice or clearly disadvantage Summit Carbon. Indeed, Summit Carbon does not resist a stay. Doc. 12 at 2. Both parties will benefit from a stay by preventing unnecessary litigation on issues that will be decided by the Eighth Circuit in short order. This will also promote judicial efficiency. Additionally, as the Defendants note, this court has stayed at least three other lawsuits filed by Summit Carbon pending the Eighth Circuit's resolution of the *Shelby County* case. Doc. 11-1 at 3; *see Couser v. Emmet Cnty., Iowa*, No. 23-cv-3007-LTS-MAR (Doc. 30); *Summit Carbon Sols., LLC v. Kossuth Cnty., Iowa*, No. 24-cv-3002-LTS-MAR (Doc. 17); *and Summit Carbon Sols., LLC v. Palo Alto Cnty., Iowa*, No. 24-cv-3006-LTS-MAR (Doc. 17). Therefore, this factor weighs in favor of granting a stay.

I further find that the stay will simplify and narrow the issues in question. Shelby County's Ordinance No. 22-04 is nearly identical to Bremer County's Ordinance No. 23-02. Ordinance No. 22-04 contains the same two substantive provisions as No. 23-02 related to obtaining a conditional use permit from the county.[2] Therefore, the merits of Summit Carbon's challenge to Bremer County's Ordinance No. 23-02 are likely to be addressed by the Eighth Circuit in adjudicating Summit Carbon's challenge to Shelby County's Ordinance No. 22-04. If this litigation proceeds at this time, this court would be considering the same issues that the court of appeals is considering. Therefore, I find that the court will benefit from the stay, as it will likely simplify or resolve Summit Carbon's challenge to Ordinance No. 23-02. *Dordt College v. Burwell*, No. C 13-4100-MWB, 2014 WL 5454649, at *1 (N.D. Iowa Oct. 27, 2014) (finding that a stay will "'simplify,' if not resolve," the contested issues when the issues raised by the defendant's motion are "analogous to the issues on appeal").

Finally, the early stage of this case supports staying Summit Carbon's challenge to Ordinance No. 23-02. A scheduling order has not been entered, no discovery has been conducted and no trial date has been set. *See* Doc. 11-1 at 4. This supports staying Summit Carbon's challenge to Ordinance No. 23-02. *Cf. CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, No. 17-CV-25-CJW, 2018 WL 3966961, at *7 (N.D. Iowa Aug. 17, 2018) ("Where a trial date has been set and discovery has proceeded nearly to completion, the scale tips in favor of denying a motion to stay."). This case will be stayed with regard to Count I of the complaint.

---

[2] Under Ordinance No. 22-04, a pipeline company that has filed a petition with the IUC for a permit to construct, maintain, or operate a pipeline must apply to the County Zoning Administrator for a Conditional Use Permit within seven days of its filing with the IUC. Shelby County, Iowa, Ordinance No. 2022-4 (2022), https://shc-bsc.s3.us-east-2.amazonaws.com/Ordinance_2022_4_Final_abdddfcbea.pdf. In addition, a property owner who wishes to sell an easement to a pipeline company must apply to the County Zoning Administrator for a Conditional Use Permit before executing the easement agreement. *Id*.

5

## B. Ordinance No. 24-10 (Count II)

The Defendants argue that this court should decline supplemental jurisdiction over Count II of the complaint – Summit Carbon's challenge to Ordinance No. 24-10. They concede that the court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). Doc. 11-1 at 5. Nonetheless, they point out that the only claim arising under federal law (Count I) is going to be resolved by the Eighth Circuit in the *Shelby County* case. *Id*. at 6-7. Following the Eighth Circuit's decision, the Defendants contend that only the state law challenge to Ordinance No. 24-10 will remain and that it will predominate over the federal claims, therefore weighing against the exercise of supplemental jurisdiction. *Id*. at 6. Additionally, the Defendants contend that the validity of this ordinance presents a novel question of state law involving "police power under municipal and state law" which further supports this court declining to exercise supplemental jurisdiction. *Id*. at 7.

Summit Carbon argues that this court should not decline supplemental jurisdiction. Doc. 12 at 2. It asserts that this court has supplemental jurisdiction over its claims regarding Ordinance No. 24-10, as the two challenged ordinances seek to regulate Summit Carbon's conduct, and the Bremer County Attorney threatened to fine Summit Carbon for violating both ordinances. Doc. 12 at 9; *see also* Doc. 12-1 *and* Doc. 12-2. Additionally, it asserts that the state law preemption claims are not novel; the state law claims do not predominate over the federal claims; the court has not dismissed the federal claims; and "both ordinances are moving in tandem to regulate" Summit Carbon's actions. Doc. 12 at 11-12.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which a district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims within an action are part of the same case or controversy if they "derive from a common nucleus of operative fact," meaning that

6

the "claims are such that [one] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011). Nonetheless, § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also Hunter v. Page County, Iowa*, 102 F.4th 853, 869 (8th Cir. 2024) ("Even if a district court has supplemental jurisdiction under § 1367(a), that does not answer whether it should exercise supplemental jurisdiction under § 1367(c). On this second step, Supreme Court and circuit precedent afford great latitude and substantial deference to the district court."). Nonetheless, the court can "reject jurisdiction over supplemental claims only in the four instances described therein." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998) (quoting *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994)) (quotations omitted).

As a preliminary matter, I find that this court has supplemental jurisdiction over Count II. This court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331, as Summit Carbon contends that Ordinance 23-02 violates the Supremacy Clause under Article VI of the United States Constitution. Doc. 1 at 12; *see Berger Levee Dist., Franklin Cnty., Mo. v. United States*, 128 F.3d 679, 680 (8th Cir. 1997) ("Federal district courts have been granted original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"). Although Count II, which includes the challenge to Ordinance No. 24-10, arises under Iowa law, the state and

7

federal claims are substantially similar. All of Summit Carbon's claims are against the same defendants, have similar facts and issues and seek the same relief. The Bremer County Attorney has threatened to fine Summit Carbon for violating both ordinances and further demanded that Summit Carbon's representatives appear at a public meeting to discuss both ordinances on the same day. Doc. 12 at 9; Doc. 12-1; Doc. 12-2. Therefore, I find that this court has supplemental jurisdiction under § 1367(a) to hear Summit Carbon's challenges to Ordinance No. 24-10. The next question is whether the exercise of that supplemental jurisdiction is appropriate under 28 U.S.C. § 1367(c).

First, I find that Summit Carbon's challenge to Ordinance No. 24-10 does not raise a novel or complex issue of state law. The Eighth Circuit has found this factor to be satisfied in the following circumstances:

> [W]hen the case presents a state law issue of first impression, state law is unsettled, the case touches upon a fundamental interest of the state government (especially a state constitutional issue), or federal resolution of the case would deprive the state courts of a fair opportunity to develop state law on a significant issue.

*Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 870 (8th Cir. 2024). Nonetheless, a claim is not novel merely because a state court has not interpreted the specific ordinance in question. Rather, the relevant question to determine novelty is whether "Iowa's case law provided sufficiently clear guidance for the district court to address plaintiffs' state claims." *Id.* at 871; *see also Couser v. Emmet Cnty., Iowa*, 23-cv-3007-LTS-MAR (Doc. 28 at 5, 8) (agreeing with Chief Judge Rose's holding that novelty is determined by examining if the "Iowa Supreme Court has provided sufficient law" to decide the issue, even if the court has not specifically addressed the disputed Iowa Code provision).

While the Defendants argue that neither the Iowa Supreme Court nor the Iowa Court of Appeals has addressed the propriety of a county enacting an ordinance setting survey permitting requirements (*see* Doc. 11-1 at 6), that is not the relevant test. In *Couser v. Emmet Cnty., Iowa*, 23-cv-3007-LTS-MAR, I adopted Chief Judge Rose's

8

analysis from *Couser v. Shelby Cnty., Iowa*, 681 F. Supp. 3d 920 (S.D. Iowa 2023), finding that an issue was not novel where:

> the [Iowa Supreme] Court has clarified the scope of the interaction between local and state law, [] (citing *Goodell v. Humboldt Cnty.*, 575 N.W.2d 486 (Iowa 1998)), has explored the interaction of various levels of preemption under federal, state and local law, [] (citing *Chelsea Theater Corp. v. City of Burlington*, 258 N.W.2d 372 (Iowa 1977)) and has considered the implied preemption of local ordinances on many occasions. [] (citing *e.g.*, *City of Council Bluffs v. Cain*, 342 N.W.2d 810, 812 (Iowa 1983)).

23-cv-3007-LTS-MAR, Doc. 28 at 5. The same analysis applies here. Therefore, although the Iowa state courts have not specifically addressed the survey permitting issue, there is sufficiently clear Iowa law as it relates to preemption for this court to decide Summit Carbon's challenge to Ordinance No. 24-10 such that it is not novel.

Second, I find that the state law claims do not substantially predominate the present lawsuit. The complaint alleges two counts – one contending that Ordinance No. 23-02 is preempted by the Supremacy Clause of the United States Constitution and one asserting that Ordinance Nos. 23-02 and 24-10 are preempted by Iowa law. Doc. 1 at 12-15. As the number of state and federal claims are equal, I find that the state claims do not substantially predominate the lawsuit. *Cf. Hunter*, 102 F.4th at 871 (finding this factor met when the "state claims greatly outnumbered and substantially predominated over the federal due process claim").

Nonetheless, the Defendants argue that the sole federal claim, Count I, will be resolved by the Eighth Circuit in the *Shelby County* case, thereby leaving only state law claims against Ordinance No. 24-10. Doc. 11-1 at 6. Summit Carbon contends that the Eighth Circuit's decision in *Shelby County* might not be dispositive as to Count I because there could be legally relevant distinctions. Doc. 12 at 12. This is an odd argument, as Summit Carbon has also asserted that "Ordinance No. 23-02 is nearly identical" to the Shelby County ordinance under review by the Eighth Circuit. *Id.* at 6. Indeed, neither side has identified any meaningful differences between Ordinance No. 23-02 and the

9

ordinance pending review by the Eighth Circuit. Therefore, I find Summit Carbon's conclusory assertion that there could be legally relevant distinctions between the counties unconvincing. Even so, Summit Carbon's challenge to Ordinance No. 23-02 remains part of this lawsuit. As such, and at least at this stage in the proceedings, Summit Carbon's state law claims do not substantially predominate over the federal law claims.

The third factor is additionally unsatisfied as I have not dismissed all claims over which this court has original jurisdiction. As previously noted, Summit Carbon's challenge to Ordinance No. 23-02 will be stayed, not dismissed. *See supra* III.A. Finally, at this stage of the case there are no exceptional circumstances such that it would be appropriate for this court to decline jurisdiction. This factor "allows the district court to consider the underlying interests the Supreme Court has articulated: comity, fairness, judicial economy, and convenience." *Hunter*, 102 F.4th at 872. Those factors are not currently present. Even if they were, none would strongly support declining supplemental jurisdiction. Although no discovery has yet been conducted, judicial economy and convenience support the exercise of supplemental jurisdiction as Summit Carbon's challenge to Ordinance No. 23-02 remains in this court—at least for now. *Cf. id.* (finding that the "large number of filings, the late date at which defendants consented to remand, [and] the 'significant investment of time and energy by the parties and the Court'" supported the federal court retaining jurisdiction).

For these reasons, at this time I find that it is appropriate for this court to exercise supplemental jurisdiction over Summit Carbon's challenge to Ordinance No. 24-10. Nonetheless, "the court's decision to exercise jurisdiction 'is one that remains open throughout the litigation.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 727 (1966)). As such, if the Eighth Circuit's decision in the *Shelby County* case arguably impacts the analysis, the Defendants may renew their request that the court decline to exercise supplemental jurisdiction over Count II.

10

Case 6:24-cv-02060-LTS-MAR    Document 16    Filed 03/20/25    Page 10 of 11

## IV. CONCLUSION

For the reasons set forth herein:

1. The Defendants' motion (Doc. 11) to stay in part is **granted**. This action is hereby **stayed**, with regard to Count I of the complaint only, pending final resolution by the Eighth Circuit Court of Appeals in *William Couser v. Shelby Cnty.*, Appellate Case No. 23-3758.

2. The Defendants' motion (Doc. 11) to dismiss in part is **denied**. At this time, the court finds that it is appropriate to exercise supplemental jurisdiction over Count II of the complaint. This case shall therefore proceed as to Count II.

**IT IS SO ORDERED** this 20th day of March, 2025.

_____
Leonard T. Strand
United States District Judge